IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON SILVA,

    Petitioner,   No. CIV S-03-1508 DFL GGH P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Respondent.   FINDINGS AND RECOMMENDATIONS

/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. Pending before the court is respondent's June 29, 2005, motion to dismiss on grounds that the court lacks jurisdiction. After carefully reviewing the record, the court recommends that respondent's motion be denied.

Petitioner is challenging his April 2004 conviction for a prison disciplinary, possession of heroin. Although petitioner was assessed time credits for this conviction, the credits were later restored. Therefore, petitioner was not actually punished for this conviction.

In the pending motion, respondent argues that because petitioner was not punished for this conviction, he does not satisfy the "custody" requirement for habeas jurisdiction. Maleng v. Cook, 490 US. 488, 109 S. Ct.1923 (1989) (per curiam) (district courts have jurisdiction to

entertain habeas corpus petitions from persons who are in custody under the conviction under attack at the time the petition is filed.)

In a habeas action, a prisoner may seek expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982). See also Bochen v. Chase, 393 F.3d 1024 (9th Cir. 2004). If expungement of petitioner's conviction for possession of heroin is likely to accelerate his eligibility for parole, the court has jurisdiction to consider his habeas petition. On October 12, 2005, the court ordered the parties to file briefing addressing this issue. On November 14, 2005, both parties filed responses. In essence, the higher courts have determined to blend the custody and mootness standards for expungement of prisoner disciplinary records.

Respondent argues that the effect of the rules violation is speculative, at best. Petitioner's next parole eligibility hearing is in April 2007. Respondent argues that by that time, the guilty finding will be at least three years old, based on conduct that will be approximately seven years old. Respondent argues that by that time, the effect of the rules violation report will be minimal.

Cal. Code Regs. tit. 15, § 2402(c)(6) provides that the Board of Prison Terms (BPT) may find a prisoner unsuitable for parole based on serious misconduct in prison. Possession of heroin appears to be serious misconduct. Based on this court's experience in reviewing habeas corpus petitions challenging the results of parole suitability hearings, it is likely that the BPT would use petitioner's conviction for possession of heroin to find him unsuitable for parole even though the conviction was three years old based on conduct that was seven years old. Accordingly, the court finds that it has jurisdiction to consider this action.

In the further briefing, respondent argues that petitioner's claims are not exhausted. If respondent wishes to raise the issue of exhaustion, he should file an appropriate motion.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 29, 2005, motion to dismiss be denied; respondent be ordered to file a response to the petition within thirty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   12/9/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
sil1508.mtd