IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON SILVA,

   Petitioner,      No. CIV S-03-1508 DFL GGH P

  vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

   Respondents.     FINDINGS AND RECOMMENDATIONS

_____/

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's March 1, 2006, motion to dismiss for failure to exhaust state remedies. For the following reasons, the court recommends that respondent's motion be granted.

   The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

/////

/////

1  providing the highest state court with a full and fair opportunity to consider all claims before
2  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512
3  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
4  　　　　　On July 15, 2003, petitioner filed the original petition.  Petitioner challenged his
5  April 10, 2001, disciplinary conviction for distribution of narcotics in violation of Cal. Code
6  Regs. tit. 15, § 3016.
7  　　　　　On February 2, 2005, the court ordered petitioner to show cause why this action
8  should not be dismissed because the court lacked jurisdiction.  In particular, the court was
9  concerned that when petitioner filed the petition he was no longer in custody for the conviction.
10 Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923 (1989)(federal courts have jurisdiction to
11 entertain habeas petitions only from persons who are 'in custody' under the conviction under
12 attack).  At the time petitioner filed his petition, the six month Security Housing Unit term
13 imposed as punishment had expired.
14 　　　　　On May 7, 2005, petitioner filed a response to the February 2, 2005, order.
15 Petitioner stated that on August 9, 2001, his rules violation was ordered re-heard for the lesser
16 offense of possession of heroin.  The rehearing process did not begin until the Chief Disciplinary
17 Hearing Officer issued a memorandum on February 23, 2004, ordering the rehearing.  On April
18 14, 2004, petitioner was found guilty of the lesser offense.
19 　　　　　On April 26, 2005, the court dismissed petitioner's original petition with leave to
20 file an amended petition challenging his 2004 conviction for possession of heroin.  On May 31,
21 2005, petitioner filed an amended petition.  On June 29, 2005, respondent filed a motion to
22 dismiss.  Respondent argued that because petitioner was not punished for this conviction, he did
23 not satisfy the custody requirement for habeas jurisdiction.  Maleng, supra.
24 /////
25 /////
26 /////

1         On October 12, 2005, the court ordered the parties to file further briefing
2 addressing whether expungement of petitioner's disciplinary conviction for possession of heroin
3 was likely to accelerate his eligibility for parole.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.
4 1989)(in habeas petition, a prisoner may seek expungement of a disciplinary finding from his
5 record if expungement is likely to accelerate parole eligibility).
6         On January 31, 2006, the court denied respondent's June 29, 2005, motion to
7 dismiss after finding that expungement of the disciplinary conviction was likely to accelerate
8 petitioner's parole eligibility.
9         On March 1, 2006, respondent filed the pending motion to dismiss.  Respondent
10 argues that petitioner has not exhausted in state court his claims challenging the April 14, 2004,
11 disciplinary conviction for possession of heroin.  On September 22, 2006, petitioner filed an
12 opposition.  Petitioner, in essence, concedes that he has not exhausted his claims.  Petitioner
13 argues that the court led him to believe that no further remedies remained available in state court.
14         As far as this court is aware, further remedies remain available to petitioner in
15 state court to challenge the April 14, 2004, disciplinary conviction.  The court did not mislead
16 petitioner regarding the availability of these remedies.  Because petitioner has not exhausted the
17 claims raised in the amended petition respondent's motion to dismiss should be granted.
18         Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 1,
19 2006, motion to dismiss be granted.
20         These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 /////
26 /////

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 DATED: 10/25/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

9 ggh:kj
sil1508.157